# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Jabrey Hill, | |
| Plaintiff, | Case No. 15 C 574 |
| v. | |
| Tom Dart, *et al.*, | Judge John Robert Blakey |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before this Court upon Plaintiff's Complaint [1] for initial review pursuant to 28 U.S.C. § 1915A, *In Forma Pauperis* Application [3] and Motion for Appointment of Counsel [4]; and the Court being otherwise fully advised.

Plaintiff Jabrey Hill, a pretrial detainee at the Cook County Jail, filed this 42 U.S.C. § 1983 civil rights action against Defendants Sheriff Tom Dart, Dr. Hopkins, Director Martinez, Dr. Townsend and the Cook County Jail. Plaintiff alleges that, on September 26, 2014, Dr. Townsend filled a cavity. Plaintiff began experiencing pain 2.5 hours later and submitted a request to be seen by a dentist the next day. Plaintiff apparently was not seen by a dentist the next day, and he continued complaining to officers, but to no avail. On October 6, 2014, Plaintiff filed a grievance against Dr. Townsend and Dr. Hopkins (who Plaintiff states is the head dentist). Dr. Townsend saw Plaintiff on October 15, 2014 and "shaved down" Plaintiff's filling. Plaintiff states he told Dr. Townsend of his extreme pain, but Dr. Townsend refused to prescribe any medication and told Plaintiff he would be fine. Plaintiff states he returned to Dr. Townsend the following day in unbearable pain. At that time, Dr. Townsend indicated he did not know what was causing the pain, prescribed ibuprofen and suggested extracting Plaintiff's wisdom teeth. Plaintiff agreed.

On November 4, 2014, Plaintiff returned for the wisdom teeth extraction. Plaintiff alleges that, after the extraction, he requested pain medication and antibiotics, but Dr. Townsend refused and told Plaintiff he would be fine. That night Plaintiff awoke, still in pain and with his face swollen. He returned to Dr. Townsend, who allegedly again refused to prescribe medication and told Plaintiff that the swelling was expected. On November 6, 2014, Plaintiff awoke in unbearable pain and with his face even more swollen. He returned to Dr. Townsend and again was told he would be fine. Plaintiff states that on November 7, 2014, he

awoke with the worst, excruciating pain he had experienced and with swelling down the entire left side of his face and neck. On this visit to Dr. Townsend, Plaintiff was sent to Cermak Health Services, which referred him to the emergency room at Stroger Hospital. Emergency room doctors at Stroger Hospital informed Plaintiff that he was suffering a very bad oral infection and admitted him for surgery. Plaintiff states his infection was drained in several locations, including where his wisdom teeth were. Plaintiff remained at Stroger Hospital for a week before returning to the jail. Plaintiff states he received pain medication and antibiotics upon his return to the jail.

Based on these allegations and as further discussed below, it is hereby ORDERED as follows:

A.   **Complaint**

Pursuant to 28 U.S.C. § 1915A, the Court has conducted a preliminary review of the Complaint [1]. In sum, Plaintiff has stated a plausible deliberate indifference claim against a single defendant only: Dr. Townsend. Plaintiff's claims against the remaining defendants are dismissed without prejudice.

To prove a claim for deliberate indifference, a plaintiff must show: (1) that he had an objectively serious medical condition; (2) that the defendant knew of the condition and was deliberately indifferent to treating the plaintiff; and (3) that this indifference injured him. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Under the second prong, the official must have had subjective knowledge of the risk to the inmate's health, and the official also must have disregarded that risk. *Id*.

Plaintiff has stated a plausible claim against Dr. Townsend based on Dr. Townsend's personal involvement with Plaintiff's dental care and conversations between Plaintiff and Dr. Townsend. The claim against Dr. Townsend may proceed. Although the complaint states a claim against Dr. Townsend, this Court will not issue summons at this time.

As for the other Defendants, Plaintiff fails to allege any facts demonstrating their personal involvement and/or deliberate indifference. Given that the other individual Defendants all appear to be supervisory officials (a sheriff, the head dentist and a director), Plaintiff may be seeking to assert that they are liable based upon the actions of subordinate officers or medical personnel. This *respondeat superior* theory of liability, however, is not viable in § 1983 actions. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). As to the last Defendant, Cook County Jail, a jail does not have a legal existence separate from the county and thus is not a suable entity. *Castillo v. Cook County Department Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993). Accordingly, Sheriff Dart, Dr. Hopkins, Director Martinez and the Cook County Jail are dismissed without prejudice.

### B.   *In Forma Pauperis* Application

Plaintiff's *In Forma Pauperis* Application [3] indicates that he cannot prepay the filing fee, and this Court grants Plaintiff's Application. This Court assesses an initial partial payment of the filing fee of $14.16 pursuant to 28 U.S.C. § 1915(b). The Court authorizes the supervisor of inmate trust accounts at Plaintiff's place of confinement to deduct this amount from Plaintiff's trust fund account and forward it the Clerk of Court. Thereafter, the trust fund officer is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this case. Plaintiff shall remain responsible for payment of the filing fee, and officers at his current place of confinement shall notify transferee correctional authorities of any outstanding balance owed in the event that Plaintiff is transferred.

### C.   **Motion for Appointment of Counsel**

Because this case involves medical issues and a determination as to whether the treatment Plaintiff received constitutes deliberate indifference, this Court grants Plaintiff's Motion for Appointment of Counsel [4]. Scott Nelson Gilbert, Katten & Temple LLP, 542 S. Dearborn St., 14th Floor, Chicago, IL 60605, (312) 663-0800, email: acorona@kattentemple.com, is enlisted to represent Plaintiff in accordance with counsel's trial bar obligations under N.D. Ill. Local Rules 83.11(g) and 83.37. Within 30 days of the date of this order, counsel should enter an appearance for Plaintiff. If counsel seeks to file an amended complaint, assuming an amended complaint comports with Federal Rule of Civil Procedure 11, he may do so within 60 days of this Order. Further, the Court advises appointed counsel that Judge Lefkow previously certified a class for "all inmates housed at Cook County Department of Corrections on or after January 1, 2007, who have made a written request for dental care because of acute pain and who suffered prolonged and unnecessary pain because of lack of treatment." *Smentek v. Sheriff of Cook Cty.*, No. 09 C 529 [DE 93, 8/7/11 Order at 11].

Dated: February 17, 2015

                                            Entered:

                                            John Robert Blakey
                                            United States District Judge